Justice Stevens,
dissenting.
Because I do not believe that the Court has authority to assess costs against nonparties, I respectfully dissent from the order to the extent it provides for an assessment against amici curiae.[1] *983 I do not think that it is proper for the Court to justify its exercise of this authority on the basis of the amici’s failure to object, especially when the assessment is for an interim payment to the Special Master in the course of an ongoing proceeding.[2]

 Cf. Comment, Protecting Defendant-Intervenors from Attorneys’ Fee Liability in Civil Rights Cases, 23 Harv. J. Legis. 579, 588 (1986) (“Courts have consistently assumed that an amicus curiae is exempt from attorneys’ fee liability”); Chance v. Board of Examiners, 70 F. R. D. 334, 340 (SDNY 1976).

 Cf. 2 Administrative Office of the United States Courts, Guide to Judiciary Policies and Procedures, Judicial Code of Conduct, Canons 3(C)(1)(a) — (e) and 3(D), pp. 1-7, 1-9 (1990) (limiting circumstances in which parties may waive judicial disqualification).